UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

—————————————————

IN RE:

MICHAEL A. WOLF,


           Debtor.

———————————————————————/

Chapter 7 Proceeding
Case No. 14-B-27066

U.S. Bankruptcy Court for the
Northern District of Illinois
Hon. Deborah L. Thorne


N. NEVILLE REID, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Michael A. Wolf,

           Plaintiff,

v.

MICHAEL WOLF, *et al.*,

           Defendants.

———————————————————————/

Adv. No. 16-00066

U.S. Bankruptcy Court for the
Northern District of Illinois
Hon. Deborah L. Thorne


ROBERT KIRKBRIDE,

           Movant,

v.

N. NEVILLE REID, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of Michael A. Wolf,

           Respondent.

———————————————————————/

Misc. Pro. No. 17-71001

U.S. Bankruptcy Court for the
Western District of Michigan
Hon. Scott W. Dales

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

This opinion addresses a miscellaneous proceeding under Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016 involving a subpoena issued by the United States Bankruptcy Court for the Northern District of Illinois in the adversary proceeding titled *Reid v. Wolf*, 16-00066 (Bankr. N.D. Ill.).  Because the subpoena issued from the Northern District of Illinois but commanded compliance in the Western District of Michigan, the target of the subpoena, non-party Robert Kirkbride,[1] properly seeks relief in the latter.  *See* Fed. R. Civ. P. 45(d)(3) (motion to quash or modify subpoena to be filed in "the court for the district where compliance is required").

On September 21, 2017, Mr. Kirkbride commenced this miscellaneous proceeding by filing his Motion to Quash the Subpoena Issued to Non-Party Robert Kirkbride and/or for a Protective Order (ECF No. 1, the "Motion to Quash").  The court reviewed the Motion to Quash and set the matter for hearing.

The chapter 7 trustee and plaintiff in the underlying adversary proceeding, N. Neville Reid, timely filed Trustee's Response to Motion to Quash Subpoena (ECF No. 9) and Trustee's Motion to Transfer Motion to Quash (ECF No. 8, collectively the "Response").  The court held a hearing to consider the Motion to Quash and the Response on October 11, 2017, in Grand Rapids, Michigan.  Mr. Kirkbride appeared, personally and through counsel; Mr. Reid appeared through counsel.

Mr. Kirkbride advances no procedural challenges to the subpoena, neither its issuance nor its service.  Rather, in the Motion to Quash, and also in his oral arguments, he insists that the

---

[1] Mr. Kirkbride is not a party to the underlying adversary proceeding in the Northern District of Illinois, although he works with one of the named defendants, Melissa Skolnick, at Bellow Press, Inc.

subpoena imposes an "undue burden" by seeking information that is not relevant to the underlying adversary proceeding, as well as confidential commercial information of his employer, Bellow Press, Inc.  He also, understandably, challenges as extraordinary and unduly burdensome the subpoena's command to surrender his computer and portable electronic devices to Mr. Reid.

In his Response, and at the hearing, Mr. Reid's counsel argues that the Hon. Deborah L. Thorne – the judge presiding over the adversary proceeding in the "issuing court" – is better-equipped to consider the relevance of the information requested through the subpoena, given her familiarity with the original proceedings.  Moreover, she recently denied the motion to quash filed by Mr. Kirkbride's employer, albeit with respect to a subpoena issued under Rule 2004 (Fed. R. Bankr. P.), rather than Rule 26 (Fed. R. Civ. P.).  Given the overlapping requests, according to Mr. Reid, the Motion to Quash presents a risk of inconsistent rulings and friction between the issuing court and the Western District of Michigan -- the court where compliance is required.  Finally, counsel argues without contradiction that Judge Thorne is scheduled to address several other, similar, discovery motions in the underlying proceedings in Chicago in the coming weeks.  Mr. Reid contends that these circumstances are "exceptional," warranting an order transferring the Motion to Quash to the Northern District of Illinois under Fed. R. Civ. P. 45(f).

During a recess, with the parties' consent and as contemplated in the official commentary to Rule 45, the court telephoned Judge Thorne.[2]  After consulting with the issuing court and carefully considering the arguments of counsel, for several reasons the court finds that there are "exceptional circumstances" supporting transfer.

---

[2] "Judges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions."  Fed. R. Civ. P. 45 (Advisory Committee Notes to 2013 Amendment).

First, the court acknowledges that the issuing court will invariably be in the best position to evaluate relevance objections while considering whether a subpoena's burden is "undue," and that this circumstance, therefore, cannot be "exceptional."  Indeed, the drafters of Rule 45 expressly reject any presumption that the issuing court is in the best position to resolve subpoena-related motions, while emphasizing the need to avoid burdens on "local nonparties," such as Mr. Kirkbride.  Fed. R. Civ. P. 45 (Advisory Committee Notes to 2013 Amendment).  It appears, however, that Judge Thorne has been deeply involved in the underlying controversy over the last two years, most recently over the last two weeks. Additional discovery hearings in the underlying proceedings are set to take place next week.  Under the circumstances, the "transfer is warranted in order to avoid disrupting" her management of this complicated, tentacled case.  *Id*.  Her denial of a similar motion of Bellow Press, Inc., last week makes the point.  Transferring the Motion to Quash mitigates the risk of inconsistent rulings.

Second, the court is mindful of its duty under Rule 45 to protect nonparties (ordinarily strangers to the lawsuit), and for this reason, as noted on the record yesterday, will condition the transfer on Mr. Reid's agreement to support the request of Mr. Kirkbride and his counsel to appear on the Motion to Quash by telephone or other remote transmission (subject, of course, to Judge Thorne's superintending control).  Similarly, Rule 45(f) itself eases the burden of today's decision by treating Mr. Kirkbride's current counsel as an officer of the issuing court for purposes of prosecuting the Motion to Quash.  Fed. R. Civ. P. 45(f).  Mr. Kirkbride, therefore, need not retain new counsel in Chicago or incur the expense of bringing any additional attorneys "up to speed."

Certainly, Judge Thorne may address the concerns that Mr. Kirkbride has about surrendering his electronic equipment to Mr. Reid, unhampered by the doubts this court shared

during the hearing about the dragnet and potentially intrusive effect of mirror-imaging or otherwise harvesting the electronically stored information ("ESI") from these devices, not to mention the separation of Mr. Kirkbride from the tools of his trade. *See also John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) ("courts must consider the significant interests implicated by forensic imaging before ordering such procedures").  Cooperative lawyering or an ESI protocol, however, might also address these common and natural concerns.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion to Quash is TRANSFERRED without prejudice to the United States Bankruptcy Court for the Northern District of Illinois pursuant to Fed. R. Civ. P. 45(f), and the Clerk shall forward the miscellaneous docket to that court, electronically if possible, but in any event forthwith.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Benjamin M. White, Esq., Daniel P. Dawson, Esq., and forward a courtesy copy to the Hon. Deborah L. Thorne.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 12, 2017**



Scott W. Dales
United States Bankruptcy Judge